WILMER CUTLER PICKERING
 HALE AND DORR LLP
Mark D. Selwyn (SBN 244180)
Mark.Selwyn@wilmerhale.com
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6031
Facsimile: (650) 858-6100

Attorneys for Applicants APPLE INC.; APPLE RETAIL UK LIMITED; AND APPLE DISTRIBUTION INTERNATIONAL LIMITED

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* Ex Parte Application of<br><br>APPLE INC.; APPLE RETAIL UK LIMITED; AND APPLE DISTRIBUTION INTERNATIONAL LIMITED<br><br>Applicants,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from Qualcomm Incorporated for Use in Foreign Proceedings. | CASE NO. __20MC0645__<br><br>**APPLE'S EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND SUPPORTING MEMORANDUM** |

Apple[1] applies to the Court ex parte[2] for an order pursuant to 28 U.S.C. § 1782 granting Apple leave to obtain targeted discovery from Qualcomm Incorporated ("Qualcomm") for use in foreign litigation. Though not required, Apple is providing a copy of its ex parte application to counsel for Qualcomm and to Optis Cellular Technology LLC, Optis Wireless Technology LLC, and Unwired Planet International Limited (collectively, "Optis") contemporaneous with this filing.

## I. INTRODUCTION

Optis has sued Apple for alleged patent infringement in both the United States and in the United Kingdom.[3] The lawsuits allege that certain Apple products infringe patents that Optis claims are essential to one or more cellular standards established by the European Telecommunications Standards Institute ("ETSI"). In the United Kingdom action, Optis seeks an injunction (a so-called "FRAND injunction" that would cease upon a FRAND license being entered), and additionally seeks, among other things, a declaration that the offer that it has made to license its portfolio is FRAND, or alternatively a determination by the court of the terms of a FRAND license. The offer to license that Optis seeks to have declared FRAND, or alternatively the license that Optis seeks to have the United

---

[1] Except as otherwise indicated, as used herein, "Apple" means Apple Inc., Apple Retail UK Limited, and Apple Distribution International Limited.

[2] Ex parte filing of applications are "an acceptable method for seeking discovery pursuant to [28 U.S.C.] section 1782[.]" *In re Appl. of Republic of Ecuador*, No. 22-MC-0052, 2011 U.S. Dist. LEXIS 103360 (E.D. Cal. Sept. 13, 2011); *see also In re Ecuador*, No. C-10-80225, 2010 U.S. Dist. LEXIS 102158, at *7 (N.D. Cal. Sept. 15, 2010) ("[I]t is common for the process of presenting the request to a court and to obtain the order authorizing discovery to be conducted ex parte. Such ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it") (internal quotation marks and citations omitted).

[3] In the U.S. case, which is pending in the U.S. District Court for the Eastern District of Texas, Case No. 2:19-cv-66-JRG, Unwired Planet, LLC and PanOptis Patent Management, LLC are also plaintiffs, together with Optis Wireless Technology, LLC, Optis Cellular Technology, LLC, and Unwired Planet International Limited.

1  Kingdom court determine, relate to a combined portfolio of patents held by Optis.
2  Under 28 U.S.C. § 1782, interested parties, such as Apple, may obtain discovery
3  for use in foreign litigation from companies located within the United States.

4      In support of its defenses to the action filed by Optis against Apple in the
5  United Kingdom, Apple seeks narrowly tailored discovery from Qualcomm, one of
6  Apple's suppliers of certain wireless communication chips. Specifically, Apple
7  seeks a narrow set of documents regarding whether Qualcomm had or has a license
8  or is or was otherwise authorized to practice some or all of the patents that are
9  sought by Optis to be included within the scope of the worldwide portfolio license
10  that it seeks to have declared FRAND, including the patents that have been
11  asserted by Optis against Apple in the foreign proceedings.

12      Apple's application satisfies Section 1782's three statutory requirements.
13  First, it is filed in "the district in which [the] person resides," 28 U.S.C. § 1782(a),
14  because Qualcomm's headquarters are in San Diego, California. Second, Apple
15  seeks the discovery "for use in proceeding in a foreign . . . tribunal," *id.*,
16  specifically the High Court of Justice of England and Wales, Chancery Division,
17  Patents Court in the United Kingdom. Third, Apple Inc. and its foreign
18  subsidiaries qualify as "interested persons" in those foreign proceedings because
19  they are named parties to those proceedings. *See id.*; *Intel Corp. v. Advanced
20  Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) (litigants are common example of
21  "interested persons").

22      Moreover, the factors identified by the Supreme Court to guide a court's
23  discretion in analyzing applications under Section 1782 all favor granting Apple's
24  request. Qualcomm is not a participant in the foreign proceedings, and Section
25  1782 provides an effective mechanism for obtaining this targeted discovery across
26  various cases. In addition, the U.K. is receptive to the type of discovery sought by
27  Apple, the discovery provides key information for the foreign proceeding, and the
28

request is not made to circumvent any limitation on discovery imposed by the foreign court. Finally, the discovery request is narrowly tailored and is not unduly intrusive or burdensome. To the extent the requested documents contain confidential business information, Apple will agree to protect the information from disclosure as may be appropriate. Accordingly, Apple respectfully requests that the Court enter the order attached as Exhibit A and allow Apple to serve the subpoena attached as Exhibit B.

## II.   FACTUAL BACKGROUND

Optis has filed lawsuits against Apple in the United States District Court for the Eastern District of Texas and in the United Kingdom. In the U.K. case, Optis asserts patents that Optis claims to be essential to the Long Term Evolution ("LTE") and Global System for Mobile Communications ("GSM") cellular standards established by ETSI. The functionalities accused by Optis in these actions generally relate to the baseband processor chips incorporated into certain iPhone and iPad models, including baseband processor chips of Qualcomm. (*See generally* Selwyn Decl. ¶¶ 7, 10.)

Optis' U.K. case is pending in the High Court of Justice of England and Wales, Chancery Division, Patents Court in the United Kingdom. In all, Optis alleges that Apple infringes seven European patents by selling mobile devices that support the LTE standard and one further European patent by selling mobile devices that support the GSM standard. Optis seeks an injunction (a so-called "FRAND injunction" that would cease upon a FRAND license being entered) and additionally seeks, among other things, a declaration that the offer that it has made to license its portfolio is FRAND, or alternatively a determination by the court of the terms of a FRAND license. The offer to license that Optis seeks to have declared FRAND, alternatively the license that Optis seeks to have the United

Kingdom court determine, relate to a combined portfolio of patents held by Optis. (*Id.* at ¶¶ 3-4, 6-7.)

Apple has not submitted to the English jurisdiction. Apple has made applications contesting jurisdiction that were dismissed at first instance, but remain subject to possible appeal. In the meantime, the U.K. case continues provisionally, with pleadings being served in "draft" form. Apple is not to be taken to be submitting to the jurisdiction of the English court, including by any steps taken in the U.K. case or in support thereof, including this application. (*Id.* at ¶ 5.)

## III. ARGUMENT

### A. Legal Standard

Section 1782 is "the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp.*, 542 U.S. at 247. Over time, Congress has "substantially broadened the scope of assistance federal courts could provide for foreign proceedings." *Id.* at 247-49.

Section 1782 provides in part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement may be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). The statute thus sets forth three requirements, authorizing the district court to "grant an application pursuant to 28 U.S.C. §1782 where: (1) the person from whom discovery is sought resides or is found in the district of the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and, (3) the application is made by a foreign

or international tribunal or any interested person." *In re Appl. of LG Elecs. Deutschland GMBH*, No. 12-cv-1197-LAB (MDD), 2012 U.S. Dist. LEXIS 70570, at *2 (S.D. Cal. May 21, 2012) (citation omitted) (applying § 1782 statutory requirement).

In *Intel*, the Supreme Court set forth several non-exclusive factors to aid district courts in determining how to exercise their discretion in granting Section 1782 applications. These factors include (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65; *Chevron Corp. v. E-Tech Int'l*, 2010 U.S. Dist. LEXIS 94396, at *11 (S.D. Cal. Sept. 10, 2010) (outlining *Intel* factors). Courts in this District have previously granted similar applications by Apple seeking similar discovery from Qualcomm. *See, e.g.*, *In re Apple Inc.*, No. 18-cv-1055-DMS-MDD, 2018 U.S. Dist. LEXIS 177985 (S.D. Cal. Oct. 16, 2018) (allowing Apple to serve subpoena on Qualcomm pursuant to § 1782); *In re Apple Inc.*, No. 15-cv-1780 BAS(RBB), 2015 U.S. Dist. LEXIS 137147 (S.D. Cal. Oct. 7, 2015) (same); *In re Ex Parte Appl. of Apple Inc.*, No. 3:12-cv-00147-LAB-WMC, slip op. (S.D. Cal. Jan. 25, 2012) (same) (Selwyn Decl. ¶ 11, Ex. 2); *In re Ex Parte Appl. of Apple Inc.*, No. 3:11-cv-03058-IEG-BGS, slip op. (S.D. Cal. Oct. 13, 2011) (same) (Selwyn Decl. ¶ 12, Ex. 3).

### B. Apple's Application Meets the Section 1782 Requirements

Apple's request for discovery meets each of the three statutory requirements. First, the company from which discovery is sought, Qualcomm, "resides or is

found" in this District. 28 U.S.C. § 1782(a). Qualcomm has its principal place of business at 5775 Morehouse Drive, San Diego, California, which is located within this District. (Selwyn Decl. ¶ 8, Ex. 1 (excerpt of 2019 Qualcomm 10K).)

Second, the discovery is sought for use in a "proceeding before a foreign tribunal." 28 U.S.C. § 1782(a). Specifically, Apple seeks the information for use in establishing at least the defenses of license in patent infringement actions brought by Optis in the High Court of Justice of England and Wales, Chancery Division, Patents Court in the United Kingdom, which is a venue of first instance for hearing patent litigation. Additionally, without prejudice to Apple's contentions as to the proper scope of a FRAND license, any Qualcomm license rights that benefit Apple by immunizing Apple products from Optis patent assertions would necessarily reduce the value of what on its case Optis could offer Apple as a "FRAND license." That, in turn, would necessarily reduce the amount of money that Optis on its case could seek from Apple for such a narrowed license. Such an assessment by the United Kingdom court may arise pursuant to the claim by Optis for a declaration that the offer that it has made to license its portfolio is FRAND, and for a determination by the court of the terms of a FRAND license. As previous cases have recognized, this qualifies as a "tribunal" for purposes of Section 1782. *See, e.g.*, *In re IKB Deutsche Industriebank AG*, No. 09-cv-7852, 2010 U.S. Dist. LEXIS 35924, at *5 (N.D. Ill. April 8, 2010) (venue for commercial dispute in United Kingdom "qualifies as a foreign or international tribunal") (internal quotation mark omitted); *see also In re Apple Inc.*, No. 15-cv-1780 BAS (RBB), 2015 U.S. Dist. LEXIS 137147, at *6 (S.D. Cal. Oct. 7, 2015) (same).

Third, as named parties in the foreign actions, Apple and its subsidiaries qualify as "interested part[ies]." 28 U.S.C. § 1782(a); *Intel*, 542 U.S. at 256 ("No doubt litigants are included among . . . the 'interested person[s]' who may invoke §

1782"); *see also Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 594 (7th Cir. 2011) ("a party to litigation in a foreign country can seek discovery relating to that litigation in a federal district court"). Accordingly, Apple has satisfied the statutory requirements for an application under 28 U.S.C. § 1782.

### C. The Supreme Court's Intel Factors Strongly Favor Granting Apple's Application

In addition, the factors identified by the Supreme Court in Intel and by other courts weigh heavily in favor of the Court exercising its discretion to grant Apple's request for discovery.

#### 1. Qualcomm Is Not a Party in the Foreign Proceedings

Since Qualcomm is not a party to the foreign litigations, the material Apple seeks, licenses in Qualcomm's possession, may not be within the foreign tribunal's jurisdictional reach. *See Intel*, 542 U.S. at 264 (noting that "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782 aid"); *see also Heraeus Kulzer*, 633 F.3d at 597 (authorizing Section 1782 discovery because German litigant could not "obtain even remotely comparable discovery by utilizing German procedures"); *Cryolife, Inc. v. Tenaxis Med., Inc.*, No. C08-05124 HRL, 2009 U.S. Dist. LEXIS 3416, at *13 (N.D. Cal. Jan. 13, 2009) (holding that "petitioner need only show that the information" sought under Section 1782 "will be useful").

#### 2. Apple Seeks Highly Relevant Information that Will Assist the Foreign Court

The nature and character of the foreign proceeding and the receptivity of the foreign court to U.S. federal-court judicial assistance also weigh in favor of this Court granting Apple's request for discovery. *See Intel*, 542 U.S. at 264. Because

the nature and character of the foreign proceedings involve Optis' allegations of patent infringement, discovery regarding potentially relevant license agreements is highly relevant. *See London v. Does*, 279 F. App'x 513, 515 (9th Cir. 2008) (affirming order granting Section 1782 discovery where proof sought was "critical" in light of the "nature and character of the foreign case").

Moreover, prior cases have recognized the receptiveness of the U.K. to the use of discovery obtained through Section 1782. *See, e.g.*, *IKB Deutsche Industriebank*, 2010 U.S. Dist. LEXIS 35924, at *5 ("[d]istrict courts routinely allow applicants to obtain third-party Section 1782 discovery related to litigation pending in the United Kingdom"); *see also In re Wilson*, No. 06-cv-02575-MSK-PAC (MEH), 2007 U.S. Dist. LEXIS 54624, at *13 (D. Colo. July 27, 2007) (concluding that England would not be "hostile" to the discovery requested); *In re Phillips*, No. M 19-96, 2004 U.S. Dist. LEXIS 16426, at *6-7 (S.D.N.Y. Aug. 19, 2004) (finding no "reason to suppose that the government of the United Kingdom would disfavor granting Applicants relief under § 1782").

### 3. No Foreign Discovery Restrictions Bar Apple's Requested Discovery

28 U.S.C. § 1782 does not require that the documents sought be discoverable in the foreign courts. *Intel*, 542 U.S. at 260-63. However, a district court could consider whether an applicant was seeking in bad faith "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Id.* at 265.[4] Here, Apple is unaware of any restrictions on proof-gathering procedures that would prohibit obtaining the discovery it seeks through Section

---

[4] *See also In Re Esses*, 101 F.3d 873, 876 (2d Cir. 1996) ("[O]nly upon authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782 should a district court refrain from granting the assistance offered by the act") (quotation marks omitted; emphasis in original); *In re Appl. of Procter & Gamble*, 334 F. Supp. 2d 1112, 1116 (E.D. Wis. 2004) (holding that "to decline a § 1782(a) request based on foreign nondiscoverability, a district court must conclude that the request would undermine a specific policy of a foreign country or the United States").

1782.  To the contrary, as noted above, U.S. courts have routinely granted applications under Section 1782 for evidence to be used in the U.K.  *See*, *e.g.*, *IKB Deutsche Industriebank*, 2010 U.S. Dist. LEXIS 35924, at *5 (allowing subpoena of evidence to be used in United Kingdom proceeding); *In Wilson*, 2007 U.S. Dist. LEXIS 54624, at *13 (same); *In re Phillips*, 2004 U.S. Dist. LEXIS 16426, at *6 (same).

### 4.  Apple's Discovery Is Narrowly Tailored to Avoid Undue Burden

Apple's proposed discovery is narrowly tailored and minimally burdensome.  *See Intel*, 542 U.S. at 265 ("unduly intrusive or burdensome requests may be rejected or trimmed").  Apple is requesting document discovery on only one topic, targeted to a small, discrete set of documents: any intellectual property licenses between Qualcomm and the prior owners of the patents asserted by Optis in the U.K., namely Ericsson Inc., Telefonaktiebolaget L M Ericsson, LG Electronics Inc, Panasonic Corporation, Panasonic Intellectual Property Corporation of America and Samsung Electronics Co. Limited.  The universe of responsive documents is thus likely to be small and easily searchable, avoiding any undue burden on Qualcomm.

### 5.  Granting Apple's Section 1782 Request Would Promote Efficient Discovery

In addition to the *Intel* factors, courts have also considered other evidence suggesting that the discovery sought accomplishes the goals of Section 1782, such as whether the requested discovery "provid[es] efficient means of assistance to participants in international litigation in our federal courts."  *Marubeni Am. Corp. v. LBA Y.K.*, 335 F. App'x. 95, 96 (2d Cir. 2009) (citation omitted).  Here, given the complex nature of the litigations between Apple and Optis, Section 1782

provides an effective means for obtaining the discovery sought by Apple. Further, the requested discovery—while not prohibited (as noted above)—might nonetheless prove to be unavailable in U.K. cases, further justifying Apple's request.

### 6. The Court Should Exercise Its Discretion and Grant Apple's Request

The *Intel* factors, and other factors considered by the courts, all strongly favor the Court exercising its discretion to grant Apple's application. Courts in this Circuit routinely permit discovery under Section 1782 where, as here, the applicant has satisfied the three statutory requirements and the *Intel* factors all support granting the requested relief. *See, e.g.*, *In re West Face Capital Inc.*, No. 19-mc-80260-LB, 2019 U.S. Dist. LEXIS 189331, at *5-7 (N.D. Cal. Oct. 31, 2019) (granting application to serve subpoena where all statutory and *Intel* factors favored granting); *In re Ex Parte Appl. of Koninklijke Philips N.V.*, No. 17-mc-1681-WVG, 2018 U.S. Dist. LEXIS 14995, at *3-6 (S.D. Cal. Jan. 30, 2018) (same); *In re Ching Chung Taoist Ass'n of H.K.*, N. 16-mc-80157-LB, at *12 (N.D. Cal. Sept. 23, 2016) (same); *In re Ex Parte Appl. of Smith*, No. 12-cv-1930-AJB (JMA), 2012 WL 12885234, at *2-3 (S.D. Cal. Oct. 9, 2012) (same); *In re Am. Petroleum Institute*, No. 11-80008-JF (PSG), slip op. (N.D. Cal. Apr. 7, 2011) (same) (Selwyn Decl. ¶ 13, Ex. 4); *In re Ecuador*, 2011 U.S. Dist. LEXIS 103360, at *11; *London*, 279 F. App'x at 513 (affirming the same); *Govan Brown & Assocs. v. Doe*, No. 10-2704-PVT, 2010 U.S. Dist. LEXIS 88673, at *7-8 (N.D. Cal. Aug. 6, 2010) (same); *Mirana v. Battery Tai-Shing Corp.*, No. 08-80142, slip op. (N.D. Cal. Sept. 19, 2008) (same) (Selwyn Decl. ¶ 14, Ex. 5).

## IV. CONCLUSION

Apple seeks narrowly tailored discovery for use in proceedings currently pending in the United Kingdom. Because Apple's request satisfies the three statutory requirements of 28 U.S.C. § 1782 and because the *Intel* factors all weigh in favor of granting the application, Apple respectfully requests that this Court issue the proposed order attached as Exhibit A, authorizing the issuance of a subpoena in substantially the same form as Exhibit B.

Dated: June 16, 2020

WILMER CUTLER PICKERING
HALE AND DORR LLP

By: */s/ Mark D. Selwyn*
Mark D. Selwyn (SBN 244180)
Mark.Selwyn@wilmerhale.com
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100